UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 FEB -5  PM 1: 02

CLERK

BY_____
DEPUTY CLERK

BARTON SOLAR, LLC,                              )
                          Plaintiff,            )
                                               )
          v.                                    )          Civil Action No. 5:21-cv-25
                                               )
RBI SOLAR, INC. and                            )
GIBRALTAR INDUSTRIES, INC.,                     )
                          Defendants.           )

# COMPLAINT
# WITH
# DEMAND FOR TRIAL BY JURY

### The Parties

1.    Barton Solar, LLC ("Barton Solar") is organized and exists under the laws of Vermont.

2.    RBI Solar, Inc. ("RBI") is organized and exists under the laws of Ohio, has its principal

      place of business at 3556 Lake Shore Road in Buffalo, New York, and is a wholly owned

      subsidiary of Gibraltar Industries, Inc.

3.    Gibraltar Industries, Inc. ("Gibraltar") is organized and exists under the laws of Delaware,

      has its principal place of business at 3556 Lake Shore Road in Buffalo, New York and

      owns and controls RBI.

4.    RBI is registered to do business in Vermont and knowingly, intentionally and purposely

      does business in Vermont.

5.    Gibraltar knowingly, intentionally and purposely does business in Vermont.

6.    RBI and Gibraltar design, engineer, manufacture, install and service solar mounting

      systems for commercial and utility-scale solar projects.

## Jurisdiction and Venue
### 28 U.S.C. § 1332 and 28 U.S.C. § 1391 *et seq*.

7.   Because the amount in controversy exceeds seventy-five thousand dollars ($75,000) and

there is complete diversity of citizenship between the plaintiff and defendants, this court

has subject matter jurisdiction.

8.   This court is the proper venue because the parties agreed that actions under the contract

between them would be governed by the law of Vermont and the actions and omissions

which rise to the plaintiff's claims took place in Vermont and caused damage to the

plaintiff in Vermont.

### The Facts

9.   In a written contract dated July 21, 2014, RBI promised Barton Solar that it would design,

fabricate and install a racking system for a 1.89 megawatt alternating current (2.59

megawatt direct current) solar electric generation facility in Barton, Vermont.

10.  RBI agreed it would be responsible for "for the design, fabrication and installation of a

fix tilt, ground mounted, post driven racking system, and for the installation of all

modules thereon."

11.  RBI agreed it had sole responsibility for the design, manufacture and installation of the

racking system, including the design of the foundations for the racking system.

12.  RBI agreed that "ultimate design responsibility rests with [RBI]."

13.  Although RBI agreed that it had "ultimate design responsibility," and that it had "sole

responsibility for the design manufacture and installation of the racking system," RBI

promised to embed all posts used in the racking system at least seven feet into the ground,

and, in addition, promised that "based on geotechnical analysis and the discretion of [RBI] [and] as needed for structural integrity", RBI would embed posts deeper.

14.     Barton Solar relied on RBI's promises.

15.     Barton Solar also relied on representations in RBI's website that:

*       RBI is a "specialist" in the field of solar mountain systems and it designs, builds and installs the "best-in-class solar racking systems";

*       RBI's "services include complete design, signed and sealed engineering drawings for all 50 states, inhouse manufacturing, nationwide installation, and end-to-end technical support to help solve the toughest challenges in the industry";

*       RBI "design[s] … solar mounting systems to each unique, project specific loading conditions"; and

*       Because "there is no single solar racking solution that fits all sites because each and every site is different – geographically, topographically, and with respect to structural loading requirements" "RBI provides a custom-engineered racking system specific to the site conditions at your solar farm."

16.     RBI warranted all work done by it for twenty years from the date of the final completion of RBI's work and promised to indemnify Barton Solar for all losses caused by RBI's errors, omissions and negligence in the design, fabrication and installation of the racking system.

17.     RBI represented that it would correct all defective work and indemnify Barton Solar against all "claims, costs, losses, and damages (including but not limited to all fees and charges of engineers, architects, attorneys, and other professionals and all court or

arbitration or other dispute resolution costs) arising out of or relating to such correction or removal (including but not limited to all costs of repair or replacement of work of others)."

18. RBI explicitly stated that its warranty and indemnification obligations included damage from frost heaves or frost action.

19. Contrary to its contractual obligation and its representations to Barton Solar, RBI failed to conduct a geotechnical site investigation.

20. Contrary to its contractual obligations and its representations to Barton Solar, RBI's design and installation of the racking system failed to account for upward movement of the racking system's posts caused by the transfer of pressure from frost in the soil.

21. RBI designed and installed the racking system in a manner that was not consistent with the contract.

22. RBI designed and installed the racking system in a manner that was not consistent with the standard of care for similarly situated experts involved in the design, fabrication and installation of racking systems for solar arrays.

23. RBI completed the installation of the racking system for the solar array in the spring of 2015.

24. In September 2015, Barton Solar discovered damage to the racking system and damage to the solar array.

25. Barton Solar notified RBI, whose agents or employees visited the site and proposed and then implemented various efforts designed to prevent further damage to the racking system and the solar array.

26.    In June 2017, an electrical contractor inspected the array and found that frost heaves had caused the upward movement of several racking system posts, had further damaged the racking system and solar array components, and probably would cause further damage.

27.    No later than August 2017, Barton Solar notified RBI of these additional problems.

28.    In May 2018, the project engineer notified RBI that "post-jacking" (upward movement of the racking posts due to pressure from frost heaves) was occurring each winter and causing additional damage to the racking system.

29.    On July 2019, the project engineer notified RBI that more than 93% of the solar array had experienced "significant post jacking" which damaged electric lines, conduit and other electrical equipment.

30.    The project engineer also notified RBI that the racking system did not conform to the design specifications, the terms of the contract or the warranty.

31.    The project engineer also warned RBI that the racking system needed to be fixed before frost entered the ground again.

32.    Barton Solar gave numerous additional written notices to RBI of the defects in the racking system, requested repair of the racking system pursuant to the warranty and indemnity provisions of the contract, and requested indemnification for Barton Solar's damages.

33.    RBI made some efforts to honor its warranty obligations until Gibraltar, through William Vietas, President of Gibraltar's Renewable Energy and Conservation Group, instructed RBI not to honor its warranty and not to indemnify Barton Solar.

34.    RBI and Gibraltar have not repaired the damage to the racking system and have not

indemnified Barton Solar for its costs or other damages and refuse to indemnify Barton

Solar for anticipated damages.

## COUNT I
## Breach of Express Warranty

35.     RBI expressly warranted Barton Solar that RBI would promptly repair all its defective

        work and any damage to any other components of the solar array resulting from its

        defective work.

36.     RBI breached, and continues to breach, RBI's express warranties to Barton Solar.

37.     As a direct and proximate result of the breach of the express warranties, Barton Solar has

        suffered, continues to suffer, and will suffer damages.

## COUNT II
## Breach of Express Contract for Indemnification

38.     Barton Solar restates paragraphs 1 - 34.

39.     RBI promised to indemnify Barton Solar for "all claims, costs, losses, and damages

        (including but not limited to all fees and charges of engineers, architects, attorneys, and

        other professionals and all court or arbitration or other dispute resolution costs)" arising

        from "injury to or destruction of tangible property (other than the Work itself), including

        the loss of use resulting therefrom" caused by "any negligent act or omission of

        Contractor, any Subcontractor, and supplier, or any individual or entity directly or

        indirectly employed by any of them to perform any of the Work or anyone for whose acts

        any of them may be liable."

40.     Barton Solar has suffered costs, losses and damages covered by the indemnification

        provisions of the contract.

P0179669.9                              Page 6 of  10

41.    RBI has failed to indemnify Barton Solar for the costs, losses and damages covered by the indemnification provision of the contract.

## COUNT III
### Detrimental Reliance

42.    Barton Solar restates paragraphs 1 - 34.

43.    RBI expressly represented to Barton Solar that it would warrant its work for twenty years and would indemnify Barton Solar for all damages  sustained because of defects in the racking system.

44.    Barton Solar reasonably relied on RBI's representations to its detriment.

45.    Despite their representations to the contrary, RBI failed to make Barton Solar whole for losses Barton Solar sustained because of defects in the racking system.

46.    As a direct and proximate result of its reasonable reliance, Barton Solar has suffered, and continues to suffer, damages.

## COUNT IV
### Negligence

47.    Barton Solar restates paragraphs 1 - 34.

48.    Barton Solar hired and retained RBI to provide expert services in the design, installation, construction and repair of solar arrays.

49.    RBI deviated from the standard of care for experts in the design, installation, construction and repair of racking systems for Barton Solar's array.

50.    RBI's deviations from the standard caused damage to Barton Solar.

## COUNT V
### Fraudulent Concealment

51.    Barton Solar restates paragraphs 1 - 34.

52.    RBI promised to conduct, and knew that ordinary care required that it conduct, a geotechnical study in order to determine the proper depth to embed the posts for the racking system such that the racking system and solar array and its components would not suffer damage as the result of frost heaves.

53.    RBI knew that its failure to conduct a geotechnical study would not easily be discoverable by Barton Solar.

54.    RBI had an affirmative duty to disclose to RBI that the material fact it did not conduct a geotechnical study.

55.    RBI purposely failed to disclose to RBI the material fact that it had failed to conduct a geotechnical study before constructing the racking system.

56.    RBI intended that Barton Solar would rely on RBI's omission of this material fact.

57.    RBI's material omission rendered RBI's representations about the racking system false.

58.    Barton Solar was not aware that RBI did not conduct a geotechnical study.

59.    Barton Solar could not reasonably have discovered RBI's failure to conduct a geotechnical study.

60.    As a result of RBI's fraudulent concealment of a material fact, Barton Solar has suffered, and continues to suffer, damages.

## COUNT VI
### Intentional Interference with Contractual Relations

61.    Barton Solar restates paragraphs 1 - 34.

62. Barton Solar had a valid and binding contract with RBI which contained warranty and indemnification clauses.

63. Gibraltar had knowledge of the contract between Barton Solar and RBI.

64. Gibraltar intentionally and improperly caused RBI not to honor the warranty and indemnification clauses of the contract between Barton Solar and RBI.

65. Barton Solar suffered damages caused by Gibraltar's actions.

## COUNT VII
### Violation of Vermont's Consumer Protection Act
### 9 V.S.A. § 2451, *et seq.*

66. Barton Solar restates paragraphs 1 - 34.

67. RBI's design, construction, installation, sale and service of the racking system are "goods" or "services" as those terms are defined in Vermont's Consumer Protection Act, 9 V.S.A. § 2451, *et seq.* and subject to that act.

68. RBI's racking system was not designed, constructed, installed, sold or serviced in the manner or in the nature of its advertisements or offers.

69. RBI's warranty of the racking system is a "good" or "service" as those terms are defined in Vermont's Consumer Protection Act, 9 V.S.A. § 2451, *et seq.* and subject to that act.

70. RBI has failed to honor its warranty obligations in the manner or in the nature of its advertisements or offers.

71. RBI's promise to indemnify Barton Solar is a "good" or "service" as those terms are defined in Vermont's Consumer Protection Act, 9 V.S.A. § 2451, *et seq.* and subject to that act.

72. RBI has failed to honor it indemnification obligations in the manner or in the nature of its

advertisements or offer.

73.   By instructing RBI not to honor its warranty and indemnification obligations to Barton

Solar, Gibraltar has failed to act in the manner or in the nature of its advertisements or

offers.

74.   RBI and Gibraltar have violated Vermont's Consumer Protection Act.

75.   As a direct and proximate cause of RBI's and Gibraltar's violations of Vermont's

Consumer Protection Act, Barton Solar has suffered damages and is entitled to recover all

relief allowed under the Act, including compensatory damages, treble damages, punitive

damages, costs and attorneys' fees.

**WHEREFORE**, Barton Solar, LLC demands judgment in its favor and against RBI

Solar, Inc. and Gibraltar Industries, Inc., together with an award for full, just and adequate

compensation, compensatory damages, treble damages, punitive damages, attorneys' fees, costs

and such other relief as is just and appropriate.

**BARTON SOLAR, LLC DEMANDS TRIAL BY JURY.**

**BARTON SOLAR, LLC  SEEKS THE IMPOSITION OF PUNITIVE DAMAGES.**

Dated: February 5, 2021

BARTON SOLAR, LLC

By:  _____

Michael F. Hanley
Paul J. Perkins
Plante & Hanley, P.C.
82 Fogg Farm Road
Post Office Box 708
White River Junction, VT 05001-0708
(802) 295 - 3151 (Telephone)
(802) 295 - 5281 (Facsimile)
mfhanley@plantehanley.com
pjperkins@plantehanley.com