UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Barton Solar, LLC,

       Plaintiff,

       v.

RBI Solar, Inc. and
Gibraltar Industries, Inc.,

       Defendants.

Civil Action No. 5:21–cv–25

## SETTLEMENT CONFERENCE ORDER

This matter is referred to the undersigned for a settlement conference.  (*See* Doc. 126.)
The Court having conferred with counsel about a mutually convenient date, time, and location,
IT IS HEREBY ORDERED that all parties and their lead counsel shall appear at the United
States Courthouse, 4th Floor, Courtroom 410, 11 Elmwood Avenue, Burlington, Vermont, on
**Thursday, August 22, 2024, at 9:30 a.m.**  Counsel and parties need not report to chambers.  To
the extent it is relevant, an insured party or an uninsured corporate party shall appear by
representative with full and final authority to discuss and enter into a binding settlement (this
requirement cannot be satisfied by hiring a local representative if the appropriate representative
resides in another state).  A party's personal appearance is intended to increase the efficiency and
effectiveness of the settlement conference by reducing the time for communication of offers and
expanding the ability to explore options for settlement.  A party's request to be excused must be
made in writing no later than five calendar days before the conference.

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own.  Accordingly, **at least 10 calendar days prior to the date of the settlement conference**, Plaintiff's counsel shall serve on defense counsel a letter that sets forth the following information: (1) a brief summary of the evidence and legal principles that, in Plaintiff's view, establishes liability; (2) a brief explanation of why damages or other relief appropriately would be granted at trial; (3) an itemization of any claimed damages, including special damages—i.e., damages for pecuniary losses, such as past medical expenses, lost wages, and property damages—that states the exact dollar amount Plaintiff is claiming for each category; and (4) a settlement demand.

**At least 6 days before the settlement conference**, defense counsel shall serve on Plaintiff's counsel a letter that sets forth at least the following information: (1) any points in Plaintiff's letter with which the defense agrees; (2) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (3) a settlement offer.[1]  If a release is contemplated, defense counsel shall include a proposed form of release with its counteroffer.

Each of these letters typically should be five or fewer pages, and counsel must ensure that each participant reads the opposing party's letter before the settlement conference.  If settlement authority for any party is provided by a committee, that party must ensure that the committee reviews any opposing party's letter before finalizing settlement authority.  Those attending the settlement conference and reviewing the letters exchanged must treat as confidential the

---

[1] The settlement offer must be definite, meaning that it must state a single amount with no variables.  For example, a settlement offer that lists a set amount of money "and attorney's fees" is unacceptable.

information discussed, positions taken, and offers made by other parties in preparation for and during the conference.[2]

**At least 3 calendar days before the conference**, Plaintiff's counsel shall provide me copies of the letters exchanged between the parties.  In addition, each party must provide me, in confidence, a concise letter (typically no more than seven pages) containing a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case; weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; status of settlement negotiations to date; and the names of individuals who will be attending the conference and in what capacity.  This confidential letter must not be a mere statement of the letter served on opposing counsel.  All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge.  **The parties shall submit these letters and other materials to chambers in hard copy within 3 calendar days of the conference**.

At the settlement conference, counsel should be prepared to discuss the factual and legal highlights of their cases.  Separate, confidential caucuses will be held with each party and the party's representative.  Attached is an outline for counsel to review with their clients before the settlement conference to make the best use of the time allotted.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (for example, insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact my chambers to schedule a status conference to discuss the concern.  The Court may contact a party *ex parte* prior to the settlement conference after receiving the parties'

---

[2]  This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

settlement letters.  If any party objects to these *ex parte* communications, the party should clearly state its objection in the settlement letter to the Court.  Otherwise, the Court will presume that the parties consent to this procedure.

**IN SUMMARY:**

| | |
|---|---|
| **Plaintiff's letter due to Defendant:** | **10 days prior to settlement conference** |
| **Defendant's letter due to Plaintiff:** | **6 days prior to settlement conference** |
| **All letters due to Court:** | **3 days prior to settlement conference** |

**IT IS SO ORDERED.**

Dated at Burlington, in the District of Vermont, this 5th day of August 2024.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge